# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARROD WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>R. MADDEN,<br><br>    Defendant. | NO. CV 18-6551-PSG (KS)<br><br>ORDER DENYING APPLICATION FOR AN EXTENSION OF TIME AND DISMISSING CASE |

On July 30, 2018, Jarrod Williams, who is incarcerated at Centinela State Prison in California, filed an application for an extension of time (the "Application"). (Dkt. No. 1.) On the Application, Williams identified the case number as BA414878, which is the case number of his original Los Angeles County Superior Court criminal case. (*See* Application; *see also The People v. Jarrod Williams et al*, No.B259659 (Cal. Ct. App. Jan. 17, 2017), *available at* http://www.courts.ca.gov/opinions/archive/B259659.PDF). According to the publicly available state court records, on January 17, 2017 a Los Angeles County Superior Court jury found Petitioner guilty of multiple counts of robbery, false imprisonment by violence, and, *inter alia*, multiple counts of kidnapping to commit another crime. *See The People v. Jarrod Williams et al*, No. B259659 (Cal. Ct. App. Jan. 17, 2017). Williams appealed and the California Court of Appeal for the Second Appellate District, Division

1

One, reversed seven of Williams' convictions and modified the judgment accordingly. (*Id.*) Williams filed a Petition for Review in the California Supreme Court, which denied the petition on April 26, 2017. *See* Docket (Register of Actions), *People v. Williams*, S240095 (2017), *available at* http://appellatecases.courtinfo.ca.gov (last visited August 9, 2018). There is no indication that Petitioner filed a petition for certiorari in the United States Supreme Court.

In the Application, Williams states: "The current deadline to file objections to the report and recommendation and/or petition for habeas corpus was July 26, 2018. Petitioner request [sic] a Sixty (60) day extension of that deadline to and including September 24, 2018." The Court reviewed the publicly available court records available on PACER and the California state courts website and found no evidence that Williams has filed a petition for habeas corpus, either in federal or state court, much less that a Report and Recommendation has been issued in connection with such a petition. Accordingly, the Court construes the Application as a request to toll his deadline for filing a federal habeas petition pursuant to 28 U.S.C. § 2254.

"Article III of the Constitution restricts the power of federal courts to 'Cases' and 'Controversies,'" "[f]ederal courts may not decide questions that cannot affect the rights of litigants in the case before them or give opinion[s] advising what the law would be upon a hypothetical state of facts." *Chafin v. Chafin*, 568 U.S. 165 172 (2013) (internal citations and quotation marks omitted). "The requirements of Art. III are not satisfied merely because a party requests a court of the United States to declare its legal rights." *Valley Forge Christian Coll. v. Americans United for Separation of Church & State*, 454 U.S. 464, 471 (1982). Since Williams has not actually filed a petition for writ of habeas corpus challenging his conviction and/or sentence, there is no case or controversy before the Court and no basis upon which the Court can extend or stay any deadline.

Williams, in effect, seeks an advisory opinion regarding, and prospective relief from, the potential untimeliness of any habeas petition he might file in the future. *See Calderon v. Ashmus*, 523 U.S. 740, 746 (1998) (actual "controversy" in 28 U.S.C. § 2254 action is whether petitioner is entitled to have the conviction or sentence imposed by the state court set aside). No federal district court can render such a determination at this time without offending the case or controversy requirement of the U.S. Constitution. *See United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (vacating "prematurely issued" district court order tolling the statute of limitations in advance of the filing of a lawsuit raising potentially untimely claims). Moreover, in the absence of any information about the nature of Williams' potential habeas claims and the extent to which he has exhausted those claims in state court, it would be particularly inappropriate to render such an advisory opinion in this case.

For all of the foregoing reasons, **IT IS ORDERED** that the Application is DENIED and Judgment shall be entered dismissing this action without prejudice.

DATED: 8/13/2018

PHILIP S. GUTIERREZ
_____
PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented by:

KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE